# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN H. HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-069-SPS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The claimant John H. Hall requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national

economy . . ." *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account

---

[1] Step one requires claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that claimant establish he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See id*. §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work. If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant–taking into account his age, education, work experience, and RFC–can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on January 11, 1956, and was 49 years old at the time of the administrative hearing. He has a high school education and previously worked as a delivery driver and fork lift operator. The claimant alleges he has been unable to work since April 15, 2000, because of hypertension, depression, anxiety, and problems with his back, knee, leg, heart, kidneys, wrist, ankle, hand, neck, shoulder, gastroesophageal reflux disease, and hearing.

## Procedural History

On March 12, 2003, the claimant protectively filed an application for disability benefits under Title II (42 U.S.C. § 401 *et seq*.). The application was denied. After a hearing on May 19, 2005, ALJ Gene M. Kelly found the claimant was not disabled in a decision dated July 29, 2005. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found the claimant had a residual functional capacity ("RFC") to lift and/or carry ten pounds; stand and/or walk for two hours in an eight-hour workday at 30-minute intervals; and sit for six hours in an eight-hour workday at 30-minute intervals. The claimant was limited in his ability to perform climbing, crawling, and squatting and could only occasionally perform bending, stooping, and crouching. He could occasionally perform overhead reaching,

pushing and pulling with his right upper extremity, operating foot controls, twisting and nodding his head, and twisting his torso. The claimant was slightly limited in his ability to finger, feel, and grasp, and he also was to avoid rough, uneven surfaces, unprotected heights, fast and dangerous machinery, and required a low noise environment (Tr. 26). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform in the regional and national economies, *e. g.*, order clerk and labeler (Tr. 27).

**Review**

The claimant asserts that the ALJ erred: (i) by failing to make a proper step five determination; (ii) by failing to properly develop the record; (iii) by failing to properly consider the opinion of an examining physician; and, (iv) by failing to perform a proper credibility determination. The Court finds the claimant's third contention persuasive, *i. e.*, the ALJ failed to properly consider physical limitations imposed by examining physician Dr. Kenneth Trinidad, D.O.

The record reveals that the claimant was first seen by Dr. Trinidad in January 2003. Dr. Trinidad noted that the claimant suffered an on-the-job injury to his right knee and low back in June 1997 when he slipped and fell off a portable loading dock. Although his condition stabilized after surgery to his knee, his condition began worsening after May 1998. The claimant complained of constant pain in the right knee and pain and spasm in the lumbar spine. Examination of the claimant's knee showed tenderness over the medial aspect to palpation with crepitance with range of motion testing. Range of motion testing revealed extension of 0 degrees and flexion of 110 degrees. The claimant's range of motion in the

lumbar spine also was limited. Dr. Trinidad concluded the claimant's condition had worsened since May 1998 and as a result he indicated the claimant was unable to perform any work activities and should be considered temporarily totally disabled (Tr. 134-37). The claimant returned to Dr. Trinidad in April 2004. Since his prior visit, the claimant had undergone surgery on the right knee with a unicompartmental knee replacement. He complained of constant pain in the knee worsened by weight bearing and walking and pain and spasm in the low back complicated by sitting or standing for even short periods of time. Examination revealed tenderness in the knee, crepitance in the knee with movement, and considerable weakness in the right leg. Range of motion was extension of minus 5 degrees and flexion of 110 degrees. The claimant's straight leg raising test was positive in the right leg at 60 degrees. Range of motion of the lumbar spine was decreased. He concluded the claimant was unable to perform any work activities and remained temporarily totally disabled (Tr. 230-33).

When the claimant returned to Dr. Trinidad in March 2005, he indicated his knee symptoms had become markedly worse since his surgery. Examination revealed tenderness and swelling of the knee with decreased sensation over the lateral knee. There was crepitance with movement and range of motion was extension minus 5 degrees and flexion of 110 degrees. He had tenderness and spasm in the lumbar spine and straight leg raising test was positive in the right leg. Although no sensory or motor deficits appeared, the claimant's range of motion of the lumbar spine was decreased. Dr. Trinidad concluded that as a result of the change in the claimant's condition, he had been temporarily totally disabled since January 2003. He indicated that with his current impairment, the claimant was unable to

return to his past work as a driver and that he should undergo vocational re-training for placement in a sedentary job (Tr. 224-29).

Based on his examinations of the claimant, Dr. Trinidad completed a physical capacities evaluation of the claimant in May 2005. He found the claimant could sit for four hours in an eight-hour workday, stand for two hours in an eight-hour workday, and walk for one hour in an eight-hour workday. He could lift and/or carry up to 20 pounds occasionally, but he could not perform repetitive actions such as simple grasping, pushing and pulling, or fine manipulation with the right hand or use his feet for repetitive movements such as operating foot controls. The claimant could not squat, crawl, or climb at all, but he could occasionally bend and could frequently reach above shoulder level. He was moderately limited from unprotected heights, moving machinery, and driving automotive equipment. Dr. Trinidad concluded that the claimant's functional ability would not improve with additional treatment and that with retraining and the ability to get up and change positions, the claimant should be able to perform sedentary work (Tr. 234-35).

The ALJ summarized Dr. Trinidad's evaluations from January 2003 and March 2005. He noted that Dr. Trinidad's conclusion that the claimant was disabled in March 2005 was not corroborated by the evidence and was in fact inconsistent with Dr. Trinidad's previous statements (Tr. 26). The ALJ also summarized the physical capacities evaluation Dr. Trinidad completed in May 2005 and *did* include some of the limitations found by Dr. Trinidad in the claimant's RFC, *e. g.*, the ALJ limited the claimant to standing two hours in an eight-hour workday, limited his climbing, crawling, and squatting, limited him to occasional bending, and the claimant was to avoid rough, uneven surfaces, unprotected

heights, and fast and dangerous machinery (Tr. 26). But he simply ignored other limitations found by Dr. Trinidad (or included less restrictive limitations) without providing any explanation, *e. g.*, Dr. Trinidad limited the claimant to sitting four hours in an eight-hour day, walking one hour in an eight-hour day, no use of the right hand for simple grasping, pushing and pulling, and fine manipulation, no use of his feet for repetitive movements in operating foot controls, was to avoid driving automotive equipment, and needed vocational retraining to perform sedentary work (Tr. 22, 234-35). The ALJ should not have picked those portions of Dr. Trinidad's findings that supported his conclusions without explaining why he rejected those portions that did not. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (finding that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("[The] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper."). *See also Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Although the ALJ is not bound by Dr. Trinidad's opinions, he must consider them and may not simply ignore them. *See Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate *every* medical opinion in the record, *see* 20 C.F.R. § 404.1527(d), although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional . . . An ALJ must also consider

a series of specific factors in determining what weight to give *any* medical opinion."), *citing Goatcher v. Dep't of Health & Human Servs.,* 52 F.3d 288, 290 (10th Cir. 1995) [emphasis added].

Because the ALJ failed to explain why he rejected portions of Dr. Trinidad's findings, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis. If this analysis alters the claimant's RFC, the ALJ should then re-determine whether the claimant is disabled.

## Conclusion

For the reasons set forth above, the ruling of the Commissioner of the Social Security Administration is REVERSED and REMANDED for further findings consistent with this Opinion and Order.

**DATED** this 29th day of March, 2007.

_____

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**