# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN H. HALL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-06-069-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying him benefits under the Social Security Act. In Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Docket No. 16], the Plaintiff sought an award of attorneys' fees in the amount of $5,780.90 under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412, and requested that the EAJA fees be paid directly to his attorney. The Commissioner indicated he had no objection to an award of $5,780.90 to the Plaintiff as the prevailing party under the EAJA, but he did object to the attorneys' fees being paid directly to the Plaintiff's attorney. *See* Docket No. 17. The Court now finds that the motion should be granted insofar as it seeks an award of attorneys' fees to the Plaintiff as the prevailing party under the EAJA, but denied insofar as its seeks a court order requiring payment directly to the Plaintiff's attorney.

The Court recently addressed issues identical to those raised by the Plaintiff in the case of *Winslow v. Astrue*, No CIV-05-443-SPS (E.D. Okla. July 6, 2007). In *Winslow*, the

Court issued its Opinion and Order Awarding Attorneys' Fees to the Plaintiff Under the EAJA [Docket No. 18], relying on the clear language of the EAJA that costs and attorneys' fees must be awarded to the *prevailing party*, *see* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award *to a prevailing party* other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred *by that party* in any civil action (other than cases sounding in tort)[.]") [emphasis added], and concluding that it was inappropriate for the Court to order them paid directly to the plaintiff's attorney. Further, the decision in *Winslow*, and now in this case, is consistent with other rulings by the Court that the plaintiff as the prevailing party is the proper party to award costs and attorneys' fees under the EAJA. *See Manning v. Barnhart*, No. CIV-04-021-SPS (E.D. Okla. July 1, 2005), *appeal docketed*, No. 06-7127 (10th Cir. Dec. 29, 2006); *McCormick v. Astrue*, No. CIV-04-221-SPS (E.D. Okla. April 24, 2007); *Dobbs v. Astrue*, No. CIV-06-037-SPS (E.D. Okla. June 22, 2007). *See also Ellis v. Barnhart*, No. CIV-05-223-JHP-KEW (E.D. Okla. Mar. 6, 2007); *Roberts v. Astrue*, No. CIV-06-050-KEW (E.D. Okla. April 26, 2007); *Creacy v. Astrue*, No. CIV-05-169-FHS (E.D. Okla. June 4, 2007). *But see McKee v. Astrue*, No. CIV-05-359-RAW (E.D. Okla. June 13, 2007); *Sanders v. Barnhart*, No. CIV-05-005-RAW (E.D. Okla. June 13, 2007). The Court therefore finds no need to reiterate its reasoning of the issues raised by the Plaintiff.

Accordingly, the Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Docket No. 16] is hereby GRANTED to the extent it seeks an award of

attorneys' fees to the Plaintiff as the prevailing party under the EAJA, and the Plaintiff is hereby awarded $5,780.90.  The Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Docket No. 16] is hereby DENIED to the extent it seeks an order of the Court directing payment of said attorneys' fees directly to the Plaintiff's attorney.

**IT IS SO ORDERED** this 6th day of July, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**