# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN H. HALL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-06-069-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES UNDER 42 U.S.C. § 406(b)

The Plaintiff John H. Hall appealed the Commissioner of the Social Security Administration's denial of benefits. The Court reversed the Commissioner's decision and remanded the case to the Administrative Law Judge (the "ALJ") for further proceedings. On remand, the Commissioner found the Plaintiff disabled and awarded $121,668.00 in past-due benefits, out of which attorneys' fees have been sought pursuant to 42 U.S.C. § 406(b)(1). For the reasons set forth below, the Court concludes that Plaintiff's Motion for Attorney Fees Pursuant to 42 *USC* § 406(b) [Docket No. 27] and Plaintiff's Motion for Relief Pursuant to *Fed.R.Civ.P.* 60(b)(6) [Docket No. 28] should be granted, and that the Plaintiff's counsel should be awarded $17,904.50 in attorneys' fees.

The Commissioner observes that the Plaintiff waited eleven months after the notice of award was issued to move for attorneys' fees but does not explicitly argue that this was untimely. The Plaintiff's explanation for the delay is that attorneys' fees have not yet been awarded at the agency level. While this explanation is not entirely satisfactory, *see, e. g.,*

*Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("The Commissioner and court have the authority to *independently* determine the appropriate attorney fees.") [emphasis added], the Court does not find it so wanting as to require denial of the Plaintiff's fee request as untimely on the facts of this case. The Court therefore finds that the Plaintiff sought relief within a reasonable time as required by Fed. R. Civ. P. 60 and that his motion for attorney's fees is therefore timely. *See*, *e. g.*, *McGraw v. Barnhart*, 450 F.3d 493, 504-505 (10th Cir. 2006) ("Section 406(b) itself does not contain a time limit for fee requests. . . . We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award.") [citations omitted]. *See also* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time[.]").

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). The 25% limitation does not include any fee awarded to the Plaintiff's agency representative by the Commissioner under 42 U.S.C. § 406(a). *See Wrenn*, 525 F.3d at 937 ("The Commissioner and court have the authority to independently determine the appropriate attorney fees. Each has separate standards to make this determination and is only limited as provided by statute. Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation

-2-

found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner.") [internal citations omitted]. The Plaintiff's fee request of $17,904.50 is less than 25% of past-due benefits, so the Court need only consider whether this is reasonable given the work performed in this case. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[W]e conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.").

Factors to consider in determining whether a requested fee is reasonable under *Gisbrecht* include the character of the representation and the results achieved, *id.* at 808, *citing McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) and *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (reducing the fee for substandard work), whether counsel has caused delay, and whether the contingent fee is so large in comparison to the amount of time spent on the case that it results in a windfall to counsel. *Id.*, *citing Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting fees are appropriately reduced when undue delay increases past-due benefits or when the amount of the fee is unconscionable in light of the work performed). Contemporaneous billing records may be helpful in determining reasonableness. *Id.*, *citing Rodriguez*, 865 F.2d at 741. Based on these factors, the Court concludes that $17,904.50 is a reasonable amount of attorneys' fees for the work done in this case.

First, it is clear the Plaintiff was ably represented by his attorneys and obtained excellent results in his appeal to this Court. The Plaintiff's attorneys prepared a detailed brief setting forth, *inter alia*, the substantive grounds for reversal ultimately adopted by the Court. The Plaintiff was the prevailing party and received $5,780.90 in attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Second, there is no evidence counsel caused any unnecessary delay in these proceedings. Third, the requested fee does not result in any windfall to the Plaintiff's attorneys, who spent a total of 34.40 hours working on the Plaintiff's case before this Court. *See* Docket No. 27, Ex. G. This equates to an hourly rate of $520.48, which is hardly excessive where the fee was contingent and the risk of loss was clearly not negligible. The Court therefore concludes that the requested fee of $17,904.50 is reasonable within the guidelines set by *Gisbrecht*.

The Commissioner withheld $30,417.00 from the Plaintiff's past-due benefits for the payment of attorneys' fees. However, it is unclear whether that amount will be available for distribution to the Plaintiff's attorneys after fees have been awarded for the work performed at the agency level pursuant to 42 U.S.C. § 406(a). If the Plaintiff's attorney is unable to obtain the entire amount of attorneys' fees from the past-due benefits withheld by the Commissioner, he will have to recover the difference from the claimant. *See Wrenn*, 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference."). Nevertheless, because the amount awarded herein exceeds the $5,780.90 in EAJA fees previously awarded by the Court, the

Plaintiff's attorneys must refund the latter amount to the Plaintiff.  *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

Accordingly, the Plaintiff's Motion for Attorney Fees Pursuant to 42 *USC* § 406(b) [Docket No. 27] and Plaintiff's Motion for Relief Pursuant to *Fed.R.Civ.P.* 60(b)(6) [Docket No. 28] are hereby GRANTED.  The Court approves an award of attorneys' fees in the amount of $17,904.50 to the Plaintiff's attorneys pursuant to 42 U.S.C. § 406(b)(1).  The Commissioner is hereby directed to pay that amount (or any such lesser amount as remains in the Commissioner's possession) to the Plaintiff's attorneys.  The Plaintiff's attorneys shall thereupon refund to the Plaintiff the full amount previously awarded under the EAJA.

**IT IS SO ORDERED** this 15th day of April, 2009.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**